IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VSI SALES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1970-GMS |
| ) | |
| GRIFFIN SIGN, INC. and ) | |
| INTERNATIONAL FIDELITY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

### I. INTRODUCTION

On November 22, 2013, the plaintiff VSI Sales, LLC ("VSI") filed a complaint against Griffin Sign, Inc. ("Griffin") and International Fidelity Insurance Company ("IFIC"), (collectively, "the defendants"), asserting seven causes of action, including Count IV -- "Violation of the Delaware [Construction] Prompt Payment Act."[1] (D.I. 1, ¶ 82 (citing 6 Del. C. § 3507).) Presently before the court are the defendants' Rule 12(b)(6) motion to dismiss Count IV, (D.I. 12), and VSI's Motion to Compel Release of Undisputed Funds, (D.I. 13). For the reasons that follow, the court grants the defendants motion to dismiss without prejudice, and denies VSI's motion to compel.

### II. BACKGROUND

---

[1] For the statute at issue in the present case -- 6 Del. C. §§ 3501-3509 -- the parties' use different titles that align with their respective arguments. (*Compare* D.I. 1 ("Prompt Payment Act") *with* D.I.s 12-1, 17 ("Building Construction Act").) For uniformity, the court shall refer to the statute as the Construction Prompt Payment Act, the title endorsed by the Delaware Legislature. 70 Del. Laws, c. 420 § 1("This Act may be cited as the 'Construction Prompt Payment Act.'").

The subject of the underlying dispute is a highway construction project at the intersection of State Route 1 and Interstate 95 in Newcastle County, Delaware ("the Project"). (D.I. 1, ¶ 9.) The Delaware Department of Transportation ("DelDOT") awarded a contract to Cherry Hill Construction, Inc. ("Cherry Hill"), as the general contractor, to perform the required work. (Id.) Cherry Hill hired Griffin as a subcontractor and Griffin, in turn, hired VSI as its subcontractor to provide overhead highway sign structures, accompanying hardware, installation materials. (Id., ¶¶ 10-40.) IFIC issued a Payment Bond guaranteeing Griffin's payment to downstream subcontractors for work on the Project. (Id., ¶¶ 41-45.) VSI alleges that Griffin owes it money for work performed on the Project. (*See* D.I. 1.) Griffin disputes that it owes money to VSI, and seeks damages from VSI due to "significant problems with VSI's design and untimely supply of the highways sign structures and associated components." (D.I. 12-1 at 2.)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or portions of a complaint where the plaintiff "fail[s] to state a claim upon which relief can be granted." In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The issue for the court is "not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As such, the touchstone of the pleading standard is plausibility. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The "complaint must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief

2

that is plausible on its face.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

### A. The Defendants' Rule 12(b)(6) Motion to Dismiss Count IV -- "Violation of the Delaware [Construction] Prompt Payment Act."

The defendants argue that Count IV of VSI's Complaint should be dismissed because the work performed by Griffin and VSI on the Project -- the installation of highways signs and guard rails -- is outside the scope of the Construction Prompt Payment Act (the "Act"). (D.I. 17 at 1.) Specifically, the defendants argue that the Act's clear and unambiguous language is limited to building construction, and VSI's work was limited to the supply of highway sign structures, which are not materials or components used in the construction of a building. (D.I. 12-1 at 4-6.)

In response, VSI contends that it would be premature to dispose of the claim based on the defendants' narrow definition of "building" because "the complex steel super structures involved here are no different in application, fabrication or use than the steel members incorporated into traditional buildings or other construction projects." (D.I. 15 at 6.) VSI also contends that it should be allowed to conduct discovery to determine if its work on the Project was "in

3

connection with . . . the . . . construction . . . of any building." (Id. at 5 (quoting 6 Del C. § 3501(2)).) In essence, VSI argues that discovery may reveal that another party working on the Project erected or constructed buildings, "such as toll booths, electrical and water stations, highway patrol barracks, and any other associated structures." (Id.) Finally, VSI argues that the Construction Prompt Payment Act should be construed to apply to a broader range of improvements to land in accordance with the corollary mechanics' lien statutes. (Id. at 7-8 (citing *State v. Pierson*, 86 A.2d 559, 560 (Del. Super. Ct. 1952) (finding that a previous, but similar, version of the statute "may be considered a corollary or supplement to the Mechanics Lien Law . . . .")).)

The court is not persuaded by VSI arguments. The rules of statutory construction are well settled under Delaware law.

> First, [the court] must determine whether the statute is ambiguous. If it is unambiguous, then there is no room for judicial interpretation and the plain meaning of the statutory language controls. The statute is ambiguous if it is susceptible of two reasonable interpretations or if a literal reading of its terms would lead to an unreasonable or absurd result not contemplated by the legislature. If the statute is ambiguous, then [the court] consider[s] it as a whole and . . . read[s] each section in light of all the others to produce a harmonious whole.

*CML V, LLC v. Bax*, 28 A.3d 1037, 1041 (Del. 2011) (citations and internal quotation marks omitted). Further, the Delaware Legislature has instructed that, for the purposes of interpreting its statutes, "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language." 1 Del. C. § 303.

Here, the court finds the Construction Prompt Payment Act is unambiguous and its plain language states that the statute only applies to the construction of buildings. Under the Act,

4

"[a]ll moneys or funds received by a contractor in connection with a contract *for the erection, construction, completion, alteration or repair of any building or for additions to a building* . . . shall be trust funds in the hands of the contractor." 6 Del C. § 3502 (emphasis added). And contractors are prohibited from using construction payments for their own benefit until downstream subcontractors that "furnish[ed] labor or material . . . *for the erection, construction, completion, alteration or repair of, or for additions to, such building*" are fully compensated. *Id.* § 3503 (emphasis added). Throughout the Act, the legislature consistently and repeatedly used the same terminology -- "the erection, construction, completion, alteration or repair of any building or for the additions to a building" -- thereby reinforcing the fact that the law only applies to building construction work.[2] Indeed, the very title of Chapter 35 of Title 6 -- "BUILDING CONSTRUCTION PAYMENTS" -- eliminates any doubt concerning the legislative intent behind the Act. Accordingly, the court finds that the Construction Prompt

---

[2] The definitions section further supports limiting the Construction Prompt Payment Act to the construction of buildings:

> (2) "Contractor" includes, but is not limited to, an architect, engineer, real estate broker or agent, subcontractor or other person, who enters into any contract with another person to furnish labor and/or materials in connection with *the erection, construction, completion, alteration or repair of any building or for additions to a building*, by such contractor, or for the sale to such other person of any lands and premises, whether owned by such contractor or another, upon which such contractor undertakes to *erect, construct, complete, alter or repair any building or addition to a building*.
>
> (3) "Moneys or funds" includes, but is not limited to, the entire amount of all moneys or funds received by a contractor . . . *for the erection, construction, completion, alteration or repair of any building or addition thereon* by such contractor, [and] any moneys or funds by way of a loan or advance . . . *for the purpose of such erection, construction, completion, alteration or repair* . . . .
>
> (4) "Owner" means a person who has an interest in the lands or premises upon which a contractor has undertaken *to erect, construct, complete, alter or repair any building or addition to a building*.

6 Del. C. § 3501 (emphasis added).

Payment Act only applies to building construction work.

In addition, the court is not convinced that it should broaden the scope of the Act to encompass the types of construction protected under the Delaware Mechanic's Lien Law (the "Lien Law"), 25 Del. C. §§ 2701-2737. Under the Lien Law, anyone who furnishes labor or materials "for the erection, alteration or repair of any structure" may obtain a lien upon the structure or the ground upon which the structure is situated or erected. 25 Del. C. § 2702(a). The term "structure" is defined to "include[] a building or house." 25 Del. C. § 2701(3). The Lien Law also allows liens to be obtained against paving, bridge building, and "all improvements to land by drainage, dredging, filling in, irrigating and erecting banks . . . ." 25 Del. C. § 2702(b). Accordingly, the Lien Law is much broader on its face than the Construction Prompt Payment Act. However, "[i]t is the function of the [c]ourt to interpret statutory law on the basis of what the Legislature has written, and not what the Legislature might have written." *State ex rel. Higgins v. SourceGas, LLC*, 2012 Del. Super. LEXIS 216, at *32 (Del. Super. Ct., May 15, 2012) (citing *U.S. v. Great N. Ry. Co.*, 343 U.S. 562, 575 (1952)). Therefore, the court declines VSI's invitation to expansively construe "building" in the Act to encompass the broader range of construction protected under the Lien Law because the Legislature chose to use a term with a plain meaning that is more narrow than "structure" or "improvement to land." *See id.*; *see also McMakin v. Justice of the Peace Court No. 14*, 1982 Del. Super. LEXIS 855, at *4 (Del. Super. Ct, Oct. 18, 1982) (quoting *State v. Adams*, 27 A.2d 401 (Del. Super. Ct. 1942) ("[T]he Legislature is definitely charged with the knowledge of the law [of Delaware], both common and statutory . . . .")).

As such, the court finds that the Act is not applicable to VSI's highway sign "complex

steel super structures" because they do not fall within "the common and approved usage" of the word "building." *See* 1 Del. C. § 303. In addition, the court is not persuaded that VSI should be afforded discovery to determine if a *nonparty* constructed any buildings in connection with the Project because that interpretation misconstrues the Act's express language. The Construction Prompt Payment Act only applies to a "[c]ontractor . . . who enters into any contract with another person to furnish labor and/or materials in connection with the erection, construction, completion, alteration or repair of any building or for additions to a building . . . ." 6 Del. C. § 3501(2). Here, VSI's Complaint recognizes that Griffin is a highways sign company "specializ[ing] in the installation of permanent and temporary road signs, guard rail installations, sign structures and foundations, sign manufacturing and other work." (D.I. 1, ¶ 4.) Further, VSI's Complaint does not contain any factual allegations that *Griffin's* contract for work on the Project involved the construction or repair of buildings. (*See* D.I. 1.) Accordingly, the Act's express language does govern Griffin's payment obligations because the currently alleged facts do not demonstrate that Griffin "enter[ed] into a[] contract with [Cherry Hill for] . . . the erection, construction, completion, alteration or repair of any building or for additions to a building." 6 Del. C. § 3501(2). Therefore, the court grants the defendants' motion to dismiss Count IV of VSI's Complaint without prejudice. The court shall permit VSI an opportunity to amend its complaint with factual contentions regarding Griffin's contract for work on the Project, so long as the amended complaint conforms with the Federal Rules of Civil Procedure pleading requirements. *See* Fed. R. Civ. P. 11(b)(3) (requiring "factual contentions [to] have evidentiary support," or specifically identified to "likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .").

### B. VSI's Motion to Compel Release of "Undisputed" Funds

VSI submitted a numbered-paragraph "motion" that reiterates factual allegations made in its complaint, adds references to email correspondence between the parties,[3] and requests that the court enter an order compelling the defendants to release "undisputed" funds in the amount of $187,000. (*See* D.I. 13.) VSI appears to argue that the court has the power to issue such an order under the Delaware Construction Prompt Payment Act and Article Two of the Uniform Commercial Code (U.C.C.) as codified by the Delaware Code. (Id. at 4-6.) The court denies VSI's motion on the basis that it appears to be a premature attempt at summary judgment on an issue that has obviously disputed facts. Indeed, it is difficult for the court to accept VSI's characterization that the funds in question are "undisputed" in light of the fact that the defendants opposed VSI's motion to compel. (*See* D.I. 14.) Moreover, the court has determined that the Construction Prompt Payment Act is inapplicable under the present facts, and the court has serious reservations regarding the applicability of U.C.C. because the contract between Griffin and VSI encompassed goods and engineering design services. The Delaware Supreme Court has held that "when a mixed contract is presented, it is necessary for a court to review the factual circumstances surrounding the negotiation, formation and contemplated performance of the contract to determine whether the contract is predominantly or primarily a contract for the sale of goods." *Neilson Bus. Equip. Ctr., Inc. v. Italo V. Monteleone*, 524 A.2d 1172, 117 4 (Del. 1987).

---

[3] The emails indicate that Griffin received a payment from Cherry Hill for work performed by VSI, and that Griffin intended to forward that payment to VSI. However, the e-mails also detail numerous issues with VSI's design and late delivery of the sign structures, which delayed the highway construction project and exposed Cherry Hill, Griffin, and VSI to back charges from DelDOT. (*See* D.I. 14 Exs. A-I.) During the April 16, 2014 teleconference, the defendants explained that Cherry Hill had not yet determined the appropriate back charge attributable to Griffin's portion of the Project. Consequently, Griffin stated it is unable to calculate the amount of those charges it intends to pass on to VSI, which will be in addition to charges Griffin intends to impose for the costs it incurred due to VSI's allegedly improperly designed sign structures.

Here, the defendants have not even filed an Answer to the Complaint, let alone conducted discovery. Accordingly, the court denies VSI's motion to compel.

## V. CONCLUSION

For the reasons stated above, the court grants the defendants motion to dismiss Count IV (D.I. 12) without prejudice, and denies VSI's motion to compel (D.I. 13).

Dated: April 25, 2014

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| VSI SALES, LLC,              )<br>                              )<br>        Plaintiff,            )<br>                              )<br>    v.                        )<br>                              )<br>GRIFFIN SIGN, INC. and        )<br>INTERNATIONAL FIDELITY INSURANCE )<br>COMPANY,                      )<br>                              )<br>        Defendants.           )<br>                              ) | Civil Action No. 13-1970-GMS |

**ORDER**

At Wilmington, this 25th day of April, 2014,

IT IS HEREBY ORDERED THAT:

1. The defendants' Motion to Dismiss Count IV of VSI's Complaint (D.I. 12) is GRANTED without prejudice; and

2. VSI's Motion to Compel Release of Undisputed Funds (D.I. 13) is DENIED.

_____
CHIEF, UNITED STATES DISTRICT JUDGE